# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **TOM HUSSEY PHOTOGRAPHY, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>v. )<br>)<br>**AMAZING GRACE CAREGIVERS L.L.C.,** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION NO.**<br><br>_____ |

## COMPLAINT

Plaintiff Tom Hussey Photography, LLC ("Plaintiff") brings this action for copyright infringement against Defendant Amazing Grace Caregivers L.L.C. ("Defendant"). For its Complaint, Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located in Texas.

2. Defendant is a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business located at 1 Commerce Square, Gadsden, AL 35903. Defendant's agent for service of process is Latonya Rutledge, 304 No 8th Street, Gadsden, AL 35903.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this copyright action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." *Palmer v. Braun*, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" *McGregor v. In Tune Music Grp.*, No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting *Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd.*, 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

**I.  Plaintiff's Business and History**

6. Plaintiff's principal/sole member (Tom Hussey) is a well-known and

highly regarded photographer specializing in commercial advertising and lifestyle photography.

7.      Respected industry wide for his lifestyle photography and admired for his lighting techniques, Mr. Hussey has worked on local, national, and international advertising/marketing campaigns during the course of his long career as a professional photographer.

8.      Mr. Hussey has received numerous awards and accolades throughout his career, including several ADDY awards (from the American Advertising Federation), being named as one of the 'Top 10 Creatives in the World' by Adweek Magazine, being selected as one of the 'Top 200 Advertising Photographers Worldwide' by Luerzer's Archive, and having his work featured in the Communication Arts Photography Annual.

## II.   The Work at Issue in this Lawsuit

9.      From 2009 through 2012, Mr. Hussey created a series of highly conceptual photographs titled "Reflections," showing elderly people looking pensively at their younger self-reflections in a mirror.

10.     The project was commissioned by Norvatis in connection with a marketing campaign for the introduction of its new Alzheimer's drug called the Exelon Patch.

11.     To create the 'Reflections' photographs, Mr. Hussey worked with a

multitude of adult models in both the New York City area and in Paris, France, on four different photo shoots from 2009 through 2012. Those photo shoots required multiple dates on location and dozens if not hundreds of hours in post-processing.

12. The 'Reflections' series was so well-received that it won a Gold ADDY award from the American Advertising Foundation and all of the images were utilized as part of Novartis' ad campaign.

13. Mr. Hussey published a total of approximately sixteen (16) photographs as part of the 'Reflections' series. Seven (7) of those photographs are the subject of this lawsuit. The first photograph is of an elderly man viewing his younger self (as a college graduate) and is titled "N-46-Graduate-2" (the "<u>Graduate Photograph</u>"). A copy of the Graduate Photograph is displayed below:



14.     The second photograph is of an elderly man viewing his younger self (as a scientist) and is titled "N-46-Scientist-Crop" (the "Scientist Photograph").  A copy of the Scientist Photograph is displayed below:



15.     The third photograph is of an elderly woman viewing her younger self (as a teacher) and is titled "N-46-Korean-Teacher" (the "First Teacher Photograph").  A copy of the First Teacher Photograph is displayed below:



16.     The fourth photograph is of an elderly man viewing his younger self (as a fireman) and is titled "N-46-Fireman-Caregiver-2" (the "Fireman Photograph"). A copy of the Fireman Photograph is displayed below:



17.     The fifth photograph is of an elderly woman viewing her younger self (as a nurse) and is titled "N-46-Nurse" (the "Nurse Photograph"). A copy of the

Nurse Photograph is displayed below:



18. The sixth photograph is of an elderly woman viewing her younger self (as a teacher) and is titled "N-46-Teacher-Crop" (the "Second Teacher Photograph"). A copy of the Second Teacher Photograph is displayed below:



19.     The seventh photograph is of an elderly man viewing his younger self (as a soldier) and is titled "N-46-Soldier" (the "Soldier Photograph").  A copy of the Soldier Photograph is displayed below:



20.     The Graduate Photograph, Scientist Photograph, First Teacher Photograph, Fireman Photograph, Nurse Photograph, Second Teacher Photograph, and Soldier Photograph are collectively referred to herein as the "Work."

21.     The Work was registered by Mr. Hussey with the Register of Copyrights on June 8, 2009 and was assigned Registration No. Vau 990-319.  A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit 1.**

22.     In 2019, Mr. Hussey executed an Assignment and Transfer of Copyrights that transferred all of his rights, title, and interest to all of Mr. Hussey's

copyrights (including but not limited to the Work) to Plaintiff. As a result thereof, Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

23. Defendant offers at-home health care services to its clients with a staff of certified nursing assistants.

24. Defendant advertises/markets its business through its commercial website (https://amazing-grace-caregivers-llc.business.site/), social media (e.g. https://www.facebook.com/Amazing-Grace-Caregivers-LLC-1181830521918437/?ref=page_internal), and other forms of advertising.

25. On February 7, 2022 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published each photograph comprising the Work on its website, webpage, and/or social media:

https://www.facebook.com/Amazing-Grace-Caregivers-LLC-1181830521918437/photos/4289342401167218



https://www.facebook.com/Amazing-Grace-Caregivers-LLC-1181830521918437/photos/4289342494500542



https://www.facebook.com/Amazing-Grace-Caregivers-LLC-1181830521918437/photos/4289340201167438



https://www.facebook.com/Amazing-Grace-Caregivers-LLC-1181830521918437/photos/4289340481167410



https://www.facebook.com/Amazing-Grace-Caregivers-LLC-1181830521918437/photos/4289340147834110



https://www.facebook.com/Amazing-Grace-Caregivers-LLC-1181830521918437/photos/4289340427834082



https://www.facebook.com/Amazing-Grace-Caregivers-LLC-1181830521918437/photos/4289342554500536



26. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit 2.**

27. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media or for any other purpose.

28. Defendant utilized the Work for commercial use.

29. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

30. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work

in May 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

31.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

32.     Plaintiff re-alleges and incorporates all prior paragraphs of the Complaint as set forth above.

33.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

34.     Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

35.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

36.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

37. By its actions, Defendant directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes. Defendant's infringement was either direct, vicarious, and/or contributory.

38. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

39. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

40. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

41. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

42. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

43. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work

      or to participate or assist in any such activity; and

   g.  For such other relief as the Court deems just and proper.

Respectfully submitted this 6th day of January, 2025.

                                   */s/ John S. Johnson*
                                   JOHN S. JOHNSON (ASB-7114-H67J)
                                   *Attorneys for Plaintiff Tom Hussey Photography, LLC*

**OF COUNSEL:**
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
Telephone:  (205) 324-4400
Facsimile:  (205) 322-1163
E-mail:      jjohnson@handfirm.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL TO:**

AMAZING GRACE CAREGIVERS L.L.C.
c/o Latonya Rutledge (Registered Agent)
304 No 8th Street
Gadsden, AL 35903